IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

DOCKET NO. 1:17CR36

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) **CONSENT ORDER AND** |
| v. | ) **JUDGMENT OF FORFEITURE** |
| | ) |
| ALAN PETER DARCY | ) |

WHEREAS, the defendant, ALAN PETER DARCY, has entered into a plea agreement (incorporated by reference herein) with the United States and has voluntarily pleaded guilty pursuant to Fed. R. Crim. P. 11 to one or more criminal offenses under which forfeiture may be ordered;

WHEREAS, the defendant and the United States stipulate and agree that the property described below constitutes property derived from or traceable to proceeds of the defendant's offense(s) herein and/or substitute property as defined by 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e); and is therefore subject to forfeiture pursuant to 18 U.S.C. § 982 and 28 U.S.C. § 2461(c), provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein; the defendant waives his interest, if any, in the property and agrees to the forfeiture of such interest;

WHEREAS, the defendant herein waives the requirements of Fed. R. Crim. P. 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant;

WHEREAS, pursuant to Fed. R. Crim. P. 32.2(b)(1) & (c)(2), the Court finds that there is the requisite nexus between the property and the offense(s) to which the defendant has pleaded guilty;

WHEREAS, the defendant withdraws any claim previously submitted in

1

response to an administrative forfeiture or civil forfeiture proceeding concerning any of the property described below. If the defendant has not previously submitted such a claim, the defendant hereby waives all right to do so. If any administrative forfeiture or civil forfeiture proceeding concerning any of the property described below has previously been stayed, the defendant hereby consents to a lifting of the stay and consents to forfeiture;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

The **following property** is forfeited to the United States:

- **A personal money judgment in forfeiture in the amount of $740,028.43, which sum represents proceeds obtained, directly or indirectly, by the Defendant as a result of the offense to which he has pled guilty. Defendant stipulates that the Government can satisfy the substitute property factors in 21 U.S.C. § 853(p)(1) in this case and Defendant stipulates to forfeiture of substitute property up to the amount of the money judgment;[1] and**

- **Any and all interest of Defendant in a trust known as the Malm Trust.**

The **personal money judgment** in forfeiture and the **Malm Trust** shall be included in the sentence of the defendant. The United States Department of Justice may take steps to collect the judgment from any property, real or personal, of the defendant, in accordance with the substitute asset provisions of 21 U.S.C. § 853(p).

Upon the seizure of any property to satisfy all or part of the judgment, if and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of this forfeiture.

Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice,

---

[1] This amount also mirrors the estimated restitution losses in sentencing materials.

whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Fed. R. Civ. P. 45.

Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered, as provided by Fed. R. Crim. P. 32.2(c)(2). If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property and shall dispose of the property according to law. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), the defendant consents that this order shall be final as to defendant upon filing.

SO AGREED:

_____
BENJAMIN BAIN-CREED
Assistant United States Attorney

_____
ALAN PETER DARCY
Defendant

_____
FREDILYN SISON
Attorney for Defendant

Signed: Feby 15, 2018

_____
HON. MARTIN S. REIDINGER
United States District Judge
Western District of North Carolina