**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CRIMINAL CASE NO. 1:17-cr-00036-MR-WCM**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **ALAN PETER DARCY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the *pro se* Defendant's "Emergency Motion," which was filed *ex parte* [Doc. 63].

The Defendant, who is currently represented by counsel, files this *ex parte* motion seeking his immediate release from imprisonment due to the ongoing COVID-19 pandemic. For grounds, the Defendant states that his continued detention constitutes cruel and unusual punishment in violation of the Eighth Amendment. [Doc. 63].

The Defendant's motion is procedurally improper for a number of reasons. First, while the motion appears to be filed *pro se*, the Defendant is

still represented by counsel.[1]  The Court does not ordinarily entertain motions filed by a criminal defendant who is represented by counsel and who has not formally waived his right to counsel.  <u>See</u> LCrR 47.1(g).  Further, even if the Court could accept the Defendant's *pro se* filing, the motion is not actually signed by the Defendant.  Finally, the motion was improperly filed *ex parte*. There is no reason that is discernible from the face of the Defendant's motion why the Government should not have been served with a copy of the Defendant's motion.  For these reasons alone, the Defendant's motion must be denied.

Turning to the substance of the Defendant's motion, it appears that the Defendant is seeking to challenge the conditions of his confinement. The Defendant is advised that any such claims must be brought in a civil action. He cannot challenge the conditions of his confinement through a motion in his criminal case.  <u>See</u> <u>United States v. Carmichael</u>, 343 F.3d 756, 760-61 (5th Cir. 2003); <u>United States v. McConneyhead</u>, 2 F. App'x 330, 331 (4th Cir. 2001); <u>United States v. Andrews</u>, No. 1:12-cr-100, 2014  WL 1379683,

---

[1] It appears that the Defendant sent his motion to his brother, who then transmitted the motion to the Defendant's counsel for filing.  [See Doc. 63-1].  As evidenced by the cover letter submitted with the motion [Doc. 63-2], counsel then filed the motion on the Defendant's behalf.  Counsel is admonished that the filing of *pro se* filings on his client's behalf is improper.

2

at *3 (N.D. W. Va. Apr. 8, 2014). Accordingly, the Defendant's "Emergency Motion" must be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Emergency Motion" [Doc. 63] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remove the *ex parte* designation from the Defendant's Motion [Doc. 63] and serve a copy of the same on counsel for the Government.

**IT IS SO ORDERED.**

Signed on: May 22, 2020

Martin Reidinger
United States District Judge